**PUNEFUOLEMOTU M. TUAOLO, Claimant**

**v.**

**SAELUA FA`ATE`A, MANUTAFEA E. MEREDITH, and
MANAIA E.T. VAIVAO FRUEAN, Counterclaimants**

**In the matter of the Matai Title "TUAOLO"**

High Court of American Samoa
Land and Titles Division

MT No. 3-94

January 30, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate
Judge, AFUOLA, Associate Judge, LOGOAI, Associate Judge, and
ATIULAGI, Associate Judge.

Counsel: For Claimant, Lutu T.S. Fuimaono and Tautai A.F.
 Fa`alevao
 For Counterclaimant Saelua Fa`ate`a, Romero
 Solomona Toailoa
 For Counterclaimant Manaia E.T. Vaivao Fruean, Afoa
 L. Su`esu`e Lutu

Opinion and Order:

On December 12, 1992, claimant Punefuolemotu M. Tuaolo ("Punefu") filed his claim to the matai title Tuaolo of Pago Pago with the Territorial Registrar, pursuant to A.S.C.A. § 1.0405. Within the required 60-day notice period, under A.S.C.A. §§ 1.0406 and 1.0407, Saelua Fa`ate`a ("Tutuvanu"), Manutafea E. Meredith ("Manutafea"), and Manaia E.T. Vaivao Fruean ("Vaivao") counterclaimed for the title.

On March 17, 1993, the Territorial Registrar referred the claims to the Secretary of Samoan Affairs for dispute resolution proceedings under A.S.C.A. § 43.0302. On January 27, 1994, after the claimants failed to reach a resolution following four scheduled hearings, the Deputy Secretary of Samoan Affairs issued a certificate of irreconcilable dispute. On March 3, 1994, the Territorial Registrar forwarded the dispute to this court for judicial determination.

Manutafea formally withdrew his candidacy on December 13, 1994. The trial, with the remaining three candidates and their counsel, began on January 5 and concluded on January 12, 1995.

On the day the trial began, Tutuvanu had a motion pending to recuse the four associate judges assigned to this case due to their association with Vaivao, who is also an associate judge. Punefu indicated that he was joining in this motion. However, Tutuvanu withdrew his motion, and Punefu did not pursue this question.

Punefu did move to disqualify Vaivao's counsel on the grounds that counsel represented Punefu's father, Tuaolo Maliuga II, in an interfamily dispute involving authority over family communal land tried in this court in 1983, LT No. 51-83. The court ruled that for purposes of this action, Vaivao's counsel did not have any conflict of interest with respect to any present or former client, by reason of any proprietary transactions, or resulting from any other adverse circumstance, and denied the motion.

The court, having heard testimony and weighed the evidence, states findings of fact and conclusions of law, as required by A.S.C.A. § 1.0409(d).

## FINDINGS OF FACT

At the outset, the court observes that two distinct matai titles Tuaolo, with independent histories, thrive in the social fabric of Pago Pago. The

decision in this case will not have any impact on the second Tuaolo title. The court also finds that each of the three candidates possesses the requisite qualifications established by A.S.C.A. §§ 1.0403 (a), (b) and (d) and 1.0404 (a). The court further finds the following facts regarding the four considerations set forth in A.S.C.A. § 1.0409(c), prioritized in the order of importance.

## 1. Best Hereditary Right

■ In this case, the court will use the traditional rule, based on a candidate's direct relationship to his closest ancestor holding the title, to determine hereditary rights. *See In re Matai Title "Iuli"*, 14 A.S.R.2d 116, 117-18 (Land & Titles Div. 1990).[1]

Punefu is the son of Tuaolo Maliuga II, the last titleholder, and, under the traditional rule, has one-half Tuaolo blood.

Tutuvanu is directly descended from the brother of Tuaolo Tuli Asuega, who Tutuvanu claims to be original titleholder. As such, Tutuvanu would not be a direct descendent of a titleholder and would not have Tuaolo blood under the traditional rule. However, from the evidence, the court finds that Tutuvanu is directly descended from Tuaolo Lea`oa, also known as Lea`oa Apaisa. It appears that he is four generations removed from this

---

[1] No circumstances justify application of the more recent, alternative rule tracing blood relationships from the original titleholder or from the nearest common ancestor. *See In re Matai Title "Sotoa"*, 2 A.S.R.2d 15 (Land & Titles Div. 1984). The "Sotoa rule" is no longer the universal rule, but may be applied where: (1) "the customs and traditions of the . . . family" call for its application, *In re Matai Title "Tauaifaiva"*, 5 A.S.R.2d 13, 14 (Land & Titles Div. 1987); or (2) where:

> . . . it appears that a particular family's tradition is to rotate the matai title among the different branches of the family; or where domination of the title by one branch of the family has resulted from previous Court decisions rather than from the family's own consensus, such decisions having produced the unintended result that no person from any other branch has a close relationship to any recent titleholder.

*In re Matai Title "Tuiteleleapaga"*, 15 A.S.R.2d 90, 91 (Land & Titles Div. 1990).

Lea`oa Apaisa. It appears that he is four generations removed from this titleholder. Thus, under the traditional rule, Tutuvanu has 1/16th Tuaolo blood.

Vaivao is directly descended from Tuaolo Vailiili Aosimea II, the son of Tuaolo Vailiili Aosimea I. Vaivao is removed by seven generations from Tuaolo Vailiili Aosimea II and, under the traditional rule, has 1/128th Tuaolo blood.

Clearly, Punefu has the best hereditary right, the category with the highest priority, to succeed to the Tuaolo title.

## 2. Wish of the Majority or Plurality of the Family's Customary Clans

■ In this consideration, the court seeks to account for the wish of the majority or plurality of the family's clans. Clans customarily consist of the lineal descendants of the original titleholder's children and take each such child's name. *See In re Matai Title "Iuli"*, 14 A.S.R.2d at 118.

Based on the evidence, Tuaolo Vailiili Aosimea I is the first Tuaolo titleholder. He had two children, a son Tuaolo Vailiili Aosimea II and a daughter Tamasailau. Thus, the Tuaolo family has two clans descended from Vailiili Aosimea II and Tamasailau. However, at one point in the family's history, the family found it necessary to venture outside these two clans for a titleholder. In this manner, Tuaola Fealofani became the titleholder and, although non-blood related to the original two clans, established the clan now long-recognized and known within the family as the Fealofani clan. In fact, it appears that most, if not all, succeeding Tuaolo titleholders have been members of the Fealofani clan.

While some members of the Fealofani clan prefer Vaivao, Punefu as a clan member has the consensus support of this clan. Similarly, Tutuvanu is the choice among his closer relatives in the Tamasailau clan. However, many members of this clan are related to the matai title Lea`oa, the senior matai, or sa`o, within the extended family including Tuaolo and Lago as the other major matai titles. The present Lea`oa, Lea`oa Viavia, and most of his family, as members of the Tamasailau clan, constitute a consensus of this clan in favor of Vaivao.

Vaivao also has the consensus support of the Vailiili Aosimea II clan, of which he is a member and which has significant connections with the matai title Lago.

Thus, on this second priority issue, the Tuaolo family clans stand behind Vaivao's candidacy by a two-to-one majority.

*3. Candidates' Forcefulness, Character and Personality, and Knowledge of Samoan Customs*

In this area, the court weighs the breadth and depth of human traits among the candidates.

Punefu is still quite young and of limited experience. Tutuvanu, now in his twilight years, has the wisdom of lengthy experience but shows signs of declining vitality. Vaivao is in his prime and vigorous.

The court does not question the character of any of the candidates. All three have uniquely likeable and enduring personalities. However, Vaivao's forcefulness stands out.

All three candidates demonstrated knowledge of the Tuaolo family's history and traditions, albeit each with different versions tending to promote his claim to the title. Punefu admittedly lacks thorough knowledge of Samoan customs but is ready to learn. Tutuvanu and Vaivao are well-versed in such matters. Tutuvanu and Vaivao are ranked equally on their knowledge of customs and superior to Punefu.

Vaivao prevails in this third priority category.

*4. Candidates' Value as Holder of the Title to Family, Village and Country*

■ In this category, the court evaluates each candidate's prospective value to his family, village, and American Samoa as the titleholder. *See In re Matai Title "Sala"*, 4 A.S.R. 21, 23 (Land & Titles Div. 1970).

Punefu, despite his youth and relative inexperience, has the potential to be a respected and successful leader of the Tuaolo family, but without doubt, both Tutuvanu and Vaivao are prepared for this role.

Punefu now resides in Pago Pago. Tutuvanu resides in Amanave but would take up residence in Pago Pago as the titleholder. Either one can, of course, become quickly immersed in Pago Pago affairs acting on behalf of the Tuaolo family. On the other hand, Vaivao is a lifelong resident of Pago Pago and, as the present holder of the matai title Vaivao, is already very active in Pago Pago matai matters. The Tuaolo title is a high talking

chief for High Chief Mauga, the paramount matai title of Pago Pago. In this capacity, Tuaolo ranks higher than Lea`oa in matters outside the extended family consisting of the Lea`oa, Tuaolo and Lago families. In this respect, Vaivao in his present matai capacity has gained distinct advantageous experience over Punefu and Tutuvanu.

Vaivao also has a distinguished record of public service, particularly as six-term member of the House of Representatives of the Legislature of American Samoa and as an associate judge. In this regard, Vaivao also has superior credentials.

Thus, in this fourth priority consideration, Vaivao prevails substantially.

## CONCLUSIONS OF LAW

Based on the foregoing findings, the court makes the following conclusions of law.

1. Punefu has the best hereditary right to succeed to the Tuaolo title.

2. Vaivao is supported by the majority of the Tuaolo clans to succeed to the Tuaolo title.

3. Vaivao prevails in the consideration of forcefulness, character and personality, and knowledge of Samoan customs.

4. Among the candidates, Vaivao has the greatest potential value to family, village and country as the next Tuaolo titleholder.

5. A.S.C.A. § 1.0409(b) gives priority to the four considerations in the order listed. More weight is given to each criterion than to those following it, taking into account the relative margins by which the candidates may win on each of the four categories. *In re Matai Title "Tauala"*, 15 A.S.R.2d at 69-70. Vaivao prevails in clan support, in personal characteristics and knowledge of Samoan customs due to his vitality and greater forcefulness, and especially in potential value as the leader of the Tuaolo family. His superior credentials in these three areas outweigh Punefu's best hereditary right. Thus, the court awards the matai title Tuaolo to Vaivao.

## ORDER

The Territorial Registrar shall register the matai title Tuaolo in the name

of Manaia E.T. Vaivao Fruean.

Judgment shall enter accordingly.

It is so ordered.

ATIULAGI J., dissenting:

I wholeheartedly agree with the finding in this decision that Punefu has the best hereditary right to succeed to the Tuaolo title.

However, I am troubled by the finding that Vaivao is supported by a majority of the Tuaolo family's clans. The judicially-noticed files of this court's earlier decisions, in 1935, 1949, 1964 and 1983, in all of which the Tuaolo family's genealogy played a significant role, do not reveal titleholders named either Tuaolo Vaiilili Aosimea I or II. In fact, in the 1949 case, the clans presently identified as Tuaolo Vailili Aosimea II and Tamasailau appear to be progeny known as Lago Vailiili and Tamasailau of entirely different parentage. In addition, in this case, the present Lea`oa, Lea`oa Viavia, has no knowledge of anyone named Aosimea in the extended family. Under these circumstances, I am not persuaded by the evidence as to either the number or names of the Tuaolo family's clans in Vaivao's alleged ancestral heritage. I can only find that he has the consensus support of one-half of the family, while Punefu enjoys such support from the Fealofani clan, the only family clan clearly identified. As such, I would find that while they prevail over Tutuvanu, Punefu and Vaivao draw on this issue.

Furthermore, I do not find evidence that convincingly differentiates any of the three candidates on the consideration of their leadership styles, characters, personalities, or knowledge of Samoan customs. I consider them equal and would find them tied in this regard.

Finally, regarding the category of potential value to family, village and country, I believe either Punefu or Vaivao could prevail. Vaivao's record includes matai experience and admirable public service. On the other hand, Punefu is youthful but mature and has the potentially lasting value of successfully leading the Tuaolo family for a great number of years to come. In this area, I am inclined to find that Punefu is certainly no less than equal.

Since Punefu has the best hereditary right to the Tuaolo title and at least matches Vaivao on the three lesser priority considerations, I would award

the Tuaolo title to Punefu.